16 copies rec'd - MC

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

TERRANCE CASH,

Plaintiffs,

-against-

COUNTY OF ERIE, CHRISTINE GREEN, JASON PULEO, KIMBERLY WILGUS, MARK FRANCZYK, DERRICK NEELY, KEITH DUNLAP, BRENDAN WHEELER, KATE WARRINGTON, TIMOTHY GAWLAK, WILLIAM PAGE, JUSTIN BAUER, SHAUN B. HEDIGER, JONATHAN WIER, RYAN WALKER, RICHEL DELORENZO, JOHN DIMARTINO, JEROME STACHURA, SEAN MEIERER, TAMARA BARNAS, "RICHARD ROE" SHERIFF'S DEPUTIES 1-10 and other unidentified members of the Erie County Sheriff's Office,

Defendants.

**SUMMONS**

Index No.:

The Basis of Venue is:
Location of Incident

JURY TRIAL DEMANDED

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
        March 11, 2024

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

*Elliot Shields*

ELLIOT D. SHIELDS, ESQ.
ROTH & ROTH LLP
Attorneys for Plaintiff
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 425-1020

TO:   COUNTY OF ERIE, Erie County Attorney, Edward A. Rath County Office
      Building, 95 Franklin Street, Rm 1634, Buffalo, New York 14202

      CHRISTINE GREEN, JASON PULEO, KIMBERLY WILGUS, MARK
      FRANCZYK, DERRICK NEELY, KEITH DUNLAP, BRENDAN WHEELER,
      KATE WARRINGTON, TIMOTHY GAWLAK, WILLIAM PAGE, JUSTIN
      BAUER, SHAUN B. HEDIGER, JONATHAN WIER, RYAN WALKER,
      RYAN WALKER, RICHEL DELORENZO, JOHN DIMARTINO, JEROME
      STACHURA, SEAN MEIERER, TAMARA BARNAS, 11581 Walden Ave.
      Alden, NY 14004

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

TERRANCE CASH,

Plaintiffs,

-against-

COUNTY OF ERIE, CHRISTINE GREEN, JASON
PULEO, KIMBERLY WILGUS, MARK FRANCZYK,
DERRICK NEELY, KEITH DUNLAP, BRENDAN
WHEELER, KATE WARRINGTON, TIMOTHY
GAWLAK, WILLIAM PAGE, JUSTIN BAUER,
SHAUN B. HEDIGER, JONATHAN WIER,
RYAN WALKER, RICHEL DELORENZO, JOHN
DIMARTINO, JEROME STACHURA, SEAN MEIERER,
TAMARA BARNAS, "RICHARD ROE" SHERIFF'S
DEPUTIES 1-10 and other unidentified members of the Erie
County Sheriff's Office,

Defendants.

Index No.:

**VERIFIED
COMPLAINT**

JURY TRIAL
DEMANDED

## I.    PRELIMINARY STATEMENT

1.    This is a civil rights action brought against members of the Erie County Sheriff's

Office, to vindicate Plaintiff's rights under the First, Fourth, Eighth, and Fourteenth Amendments

to the Constitution of the United States (through the Civil Rights Act of 1871, as amended,

42 U.S.C. §§ 1983 and 1988), and under the laws of the State of New York. Plaintiff seeks

compensatory damages, punitive damages, and attorney's fees.

2.    On January 9, 2024, Plaintiff was unlawfully seized, assaulted, and battered inside

the Erie County Correctional Facility by the Defendants, who accused him of having contraband

in his mouth. The Defendants then subjected Plaintiff to excessive force, during which they choked

him, pried his mouth open with a flashlight, broke one of his teeth, and caused other physical

injuries.

1

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

3.      Following the assault, Defendants falsely reported in official paperwork that Plaintiff had contraband in his mouth, and they forwarded these false accusations to the District Attorney for prosecution of fabricated charges. This malicious prosecution persisted despite no evidence of any contraband. All the false charges were eventually dismissed in their entirety.

4.      Defendants also acted in concert to retaliate against Plaintiff, to cover up their misconduct, and to interfere with his ability to seek redress. Plaintiff was further denied the use of grievance forms to report the excessive force, thereby depriving him of a meaningful opportunity to complain about these constitutional violations.

5.      As a result of Defendants' actions, Plaintiff suffered significant physical injuries (including a broken tooth that required oral surgery), emotional distress, loss of liberty, humiliation, pain, and suffering. All false charges against Plaintiff were eventually dismissed in their entirety, confirming the malicious nature of the prosecution.

## II.    THE PARTIES

6.      Plaintiff, TERRANCE CASH, was, at all relevant times herein, a resident of the County of Erie, State of New York.

7.      Defendant COUNTY OF ERIE ("COUNTY") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. The COUNTY maintains the Erie County Sheriff's Office ("ECSO") and pays the salaries of the Sheriff, deputies, and corrections officers. The ECSO acts as Defendant COUNTY's agent, and Defendant COUNTY assumes the risks incidental to the maintenance of the ECSO as the COUNTY's policing and jail-management agency.

8.      Defendant CHIEF CHRISTINE GREEN was, at all times relevant herein, the duly appointed Chief of the Erie County Correctional Facility, and the final policymaking official in the

2

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

Erie County Correctional Facility. At all relevant times, Defendant GREEN was acting within the scope of her employment and under color of state law. She is sued in her individual and official capacity.

9.      Defendants JASON PULEO, KIMBERLY WILGUS, MARK FRANCZYK, DERRICK NEELY, KEITH DUNLAP, BRENDAN WHEELER, KATE WARRINGTON, TIMOTHY GAWLAK, WILLIAM PAGE, JUSTIN BAUER, SHAUN B. HEDIGER, JONATHAN WIER, RYAN WALKER, RICHEL DELORENZO, JOHN DIMARTINO, JEROME STACHURA, SEAN MEIERER, TAMARA BARNAS, and other unidentified employees, were, at all times relevant to this Complaint, acting as deputies, officers, and/or supervisors in the Erie County Sheriff's Office, operating under color of state law and within the scope of their employment. They are each sued in their individual capacities.

10.     At all relevant times, each of the aforementioned individually named Defendants participated directly in the unlawful acts complained of, or failed to intervene to prevent the unlawful acts of other officers, or supervised and/or otherwise caused the violation of Plaintiff's rights. They are each jointly and severally liable to Plaintiff for the violations alleged herein.

11.     Whenever reference is made in this Complaint to any act of any Defendant, such allegations shall be deemed to mean the acts of each Defendant acting individually and jointly with the other Defendants named or referred to above.

### III.    **CONDITIONS PRECEDENT**

12.     Plaintiff, in furtherance of his cause of action brought pursuant to New York State law, filed timely a Notice of Claim against the COUNTY, in compliance with the Municipal Law Section 50, and the COUNTY held a 50-h hearing on April 3, 2025.

3

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

13.     More than thirty (30) days have elapsed since said Notice of Claim was filed and the COUNTY has failed to pay or adjust the claim.

14.     This action is being brought within a year and 90 days of the event giving rise to Plaintiff's State cause of action.

15.     This action falls within one or more of the exceptions as set forth in CPLR Section 1602, involving intentional actions, as well as the defendant, and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

16.     Plaintiff sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

## IV.     STATEMENT OF FACTS

17.     Plaintiff Terrance Cash was in custody at the Erie County Correctional Facility on January 9, 2024.

18.     In July 2024, Mr. Cash had been shot in the neck, causing nerve damage and temporary paralysis on his left side.

19.     As a result of the shooting, bullet fragments remained lodged in Mr. Cash's neck and caused ongoing physical and neurological issues, such as slurred speech.

20.     On January 9, 2024, at approximately 11:00 a.m. to 11:30 a.m., Plaintiff met with his girlfriend in a visitation area.

21.     Immediately after the conclusion of the visit, Sergeant Derek Neely conducted a routine search, including a search of Plaintiff's mouth, and found no contraband.

22.     Thereafter, however, Defendant Officer Jason Puleo accused Plaintiff of having contraband in his mouth.

23.     Plaintiff told Puleo he had nothing in his mouth.

4

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025
RECEIVED NYSCEF: 04/08/2025

24.    Puleo then choked Plaintiff, slammed him torso-first onto a table, and hyperextended his arms behind his back.

25.    Defendants, including Puelo, then placed handcuffs upon Plaintiff's wrists in an unreasonably tight manner.

26.    Puelo ordered Plaintiff to "open his mouth" and Plaintiff complied, showing that he had no contraband inside his mouth.

27.    When Puelo did not see anything, he ordered Plaintiff to open his mouth again and threatened to "break his teeth" if he refused.

28.    Puelo then again slammed Plaintiff's face and torso down on the table, without cause or justification.

29.    Puleo also used a flashlight inside Plaintiff's mouth like a "jack" to try and open his mouth, hitting the interior of Plaintiff's mouth and injuring his mouth and teeth.



FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

30.    Plaintiff was in severe pain and feared a tooth had broken.

31.    During this use of force against Plaintiff, numerous other Defendant officers and sergeants were congregated around Puelo—including but not limited to all of the officers depicted in the above screenshot of the Body Worn Camera recording, including but not limited to Walker, Dunlap Gawlak, Wilgus, Franczyk, Neely and others—who all did nothing to intervene to stop or prevent the unlawful use of force against Plaintiff, despite having the time and opportunity to do so.

32.    Among those who responded to the scene was Defendant Sergeant K. Wilgus, who placed her left hand on top of Plaintiff's head and attempted to lift his chin with her other hand to pry open Plaintiff's mouth.

33.    Puelo then slammed Plaintiff's torso and face down on the table.

34.    After Puelo slammed Plaintiff face down on the table, Sergeant Weir ordered Puelo to "stop."

35.    The officers then determined to take him to medical and ordered Plaintiff to stand up.

36.    As a result of the force used against him, and the bullet fragments lodged in his neck, Plaintiff was experiencing temporary paralysis on his left side because, upon information and belief, the bullet fragments were impinging on his spinal cord.

37.    Plaintiff informed the officers that because of preexisting injury in his neck, and the force they had used against him, that he was experiencing paralysis in his left leg and was unable to walk and so he needed a wheelchair.

38.    Plaintiff was then placed in a wheelchair and escorted down a hallway.

6

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

39.    Defendant Chief Christine Green was present in the hallway and was falsely informed by the other Defendant officers that Plaintiff had contraband in his mouth.

40.    Chief Green ordered the officers to attempt to remove the alleged contraband from Plaintiff's mouth.

41.    Puelo again attempted to open Plaintiff's mouth by inserting his flashlight into Plaintiff's mouth and using it like a "jack" to open Plaintiff's mouth.

42.    Chief Green (depicted in the front right side of the below screenshot), stood by and watched Puelo after ordering him to attempt to open Plaintiff's mouth to get the alleged contraband.



43.    When Puelo was unsuccessful, Chief Green instructed the officers choke Plaintiff by applying pressure to Plaintiff's neck underneath his jaw to open Plaintiff's mouth.

7

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025



44.    Defendants, including Puelo, Wheeler, Franczyk, Dunlap, Neely, and others, at the direction of Chief Green, then choked Plaintiff by placing their hands around his neck and applying pressure to his neck under his jaw.

45.    As a result of the actions of Chief Green, Puelo, and the other Defendants, Plaintiff's lower left molar was broken, and he sustained other injuries and lacerations inside of his mouth.

46.    Numerous Defendants and other officers—including all the officers depicted in the above two screenshots from Body Worn Camera recordings—were congregated around Puelo, Dunlop and others as they used force against Plaintiff, but did nothing to stop or prevent the unlawful use of force against Plaintiff, despite having the time and opportunity to do so.

47.    As a result of Defendants' actions, Plaintiff later had to undergo oral surgery to extract the broken tooth.

8

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

48.     At no time did Defendants locate any drugs or contraband inside of Plaintiff's mouth or on his person.

49.     At no time was Plaintiff otherwise found to be in possession of any drugs or contraband.

50.     At no time did Defendants locate any evidence that Plaintiff or his girlfriend were ever in possession of any drugs or contraband.

51.     Defendants Sgt. J. Wier, Dep. Kate Warrington, and Sgt. K. Wilgus were also present or directly involved in the use of force.

52.     Defendants Sgt. J. Wier, Dep. Kate Warrington, and Sgt. K. Wilgus were also present and failed to intervene to stop and/or prevent the unlawful use of force by other officers, despite having had the time and opportunity to do so.

53.     Upon arrival, Defendant Sgt. J. Wier saw Plaintiff in handcuffs, heard that contraband was allegedly passed, and questioned Plaintiff's visitor, but did not take any steps to halt the excessive force being used on Plaintiff or otherwise intervene.

54.     Defendant Sgt. William Page later wrote a statement falsely claiming he saw a "rectangular" package in Plaintiff's mouth.

55.     In contrast, Defendant Officer Puleo wrote a statement falsely claiming he saw a "round" package in Plaintiff's mouth.

56.     No packages—either circular or rectangular in shape—were ever recovered from Plaintiff's mouth or anywhere else.

57.     After the assault, Plaintiff was taken to the jail's infirmary, where no evidence of Plaintiff having ingested any drugs or contraband was found.

9

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

58.    Thereafter, Plaintiff was transported to the Erie County Medical Center for scans and tests, where no evidence of Plaintiff having ingested any drugs or contraband was found.

59.    Defendants nonetheless initiated the malicious prosecution of Plaintiff by falsifying official paperwork, which was forwarded to the District Attorney's office, falsely charging Plaintiff with possession of dangerous contraband, tampering with evidence, and obstruction of governmental administration.

60.    Defendant Detective Justin Bauer and Defendant Detective Shaun B. Hediger completed the criminal Informations falsely charging Plaintiff with these offenses, and forwarded them to the District Attorney's office to initiate his malicious prosecution.

61.    Defendants knew or should have known the allegations against Plaintiff were false, since no evidence of any crime was ever located on Plaintiff, his girlfriend, or anywhere else.

62.    As a result of the false criminal charges, Plaintiff's liberty was severely restricted and restrained in various ways, including that he was confined in punitive segregation aka "the box" aka the "Bravo Unit" as punishment.

63.    While in punitive segregation, Mr. Cash was denied access to the law library, denied access to the telephone, and was denied access to grievance forms.

64.    As a result of being denied grievance forms, Mr. Cash was prevented by Defendants from filing grievances regarding Defendants' violation of his rights on January 9, 2024.

65.    All the false charges against Plaintiff were eventually dismissed in their entirety on or about November 19, 2024.

66.    Plaintiff suffered physical injuries, including a broken tooth requiring oral surgery, and emotional distress as a result of Defendants' unlawful conduct on January 9, 2024.

10

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM
NYSCEF DOC. NO. 2

INDEX NO. 806247/2025
RECEIVED NYSCEF: 04/08/2025

67.    Defendants Sgt. J. Wier and other officers also arrested Plaintiff's girlfriend, Terriana Anderson, for allegedly passing him drugs.

68.    Defendants never located any drugs or contraband from Ms. Anderson.

69.    After detaining Ms. Anderson, Defendants utilized a drug sniffing police canine to search Ms. Anderson for evidence of contraband.

70.    The police canine indicated that it did not detect any drugs or contraband on Ms. Anderson

71.    Further, upon information and belief, the police canine indicated that it did not detect the scent of any drugs or contraband on Plaintiff.

72.    Further, upon information and belief, the police canine indicated that it did not detect the scent of any drugs or contraband on the floor in any of the areas where Defendants alleged that Plaintiff had spit some of the drugs or contraband on the floor.

73.    Moreover, following the incident, Plaintiff was taken to the hospital where he was forced to undergo scans and other drug tests.

74.    As a result of the scans and /or drug tests, there was no evidence whatsoever that Plaintiff had ingested any drugs or contraband of any kind.

75.    After completing his hospital scans and exams on January 9, 2024, Plaintiff was brought back to the Erie County Correctional Facility and placed in putative segregation.

76.    Plaintiff requested grievance forms so that he could file a grievance regarding the January 9, 2024 incident, but Defendants repeatedly refused to provide him with a grievance form.

11

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

## V. CLAIMS FOR RELIEF

### FEDERAL CLAIMS

### FIRST CLAIM FOR RELIEF
**Excessive Force (Fourth/Eighth/Fourteenth Amendment)**
*Pursuant to 42 U.S.C. § 1983*

77.　All preceding and subsequent paragraphs are incorporated by reference.

78.　Defendants, acting under color of state law, violated Plaintiff's right to be free from excessive force as guaranteed by the Fourth and/or Eighth and/or Fourteenth Amendments of the United States Constitution, depending on Plaintiff's custody status at the time of the incident.

79.　Defendants used objectively unreasonable and excessive physical force on Plaintiff, including choking him, prying open his mouth with a flashlight, and causing serious injuries, without justification or necessity.

80.　Defendants, acting under color of state law and within the scope of their employment, violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when they used excessive physical force against him in a sadistic and malicious manner for the very purpose of causing harm, rather than in a good-faith effort to maintain or restore discipline.

81.　Specifically, Defendants choked Plaintiff, slammed his torso onto a table, pried his mouth open with a flashlight, threatened to break his teeth, and in fact broke his teeth—actions which were performed in a wanton, malicious, and sadistic fashion without any legitimate penological justification.

82.　Defendants actions were willful, malicious, oppressive and/or reckless, and were of such a nature that punitive damages should be imposed.

12

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

83.     As a direct and proximate result of Defendants' sadistic and malicious use of force, Plaintiff suffered serious physical injuries (including a broken tooth), pain, emotional distress, and other damages.

84.     By reason of the foregoing, Defendants are liable to Plaintiff for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988.

85.     By reason of the foregoing, Plaintiff demands judgment against Defendants in a sum of money exceeding the jurisdictional limits of all lower courts of the State of New York.

## SECOND CLAIM FOR RELIEF
### Malicious Prosecutin (Fourth and Fourteenth Amendment)
#### *Pursuant to 42 U.S.C. § 1983*

86.     All preceding and subsequent paragraphs are incorporated by reference.

87.     Defendants, acting under color of state law, initiated and/or continued a criminal prosecution against Plaintiff without probable cause to believe he had committed any crime.

88.     Defendants fabricated allegations of contraband possession and falsely reported that they observed Plaintiff with drugs in his mouth, intending to deprive Plaintiff of his liberty.

89.     All the false charges against Plaintiff were eventually dismissed in their entirety on or about November 19, 2024.

90.     Defendants actions were willful, malicious, oppressive and/or reckless, and were of such a nature that punitive damages should be imposed.

91.     As a direct and proximate result, Plaintiff was subjected to loss of liberty, mental anguish, and emotional distress.

92.     By reason of the foregoing, Defendants are liable to Plaintiff for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988.

13

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

93.    By reason of the foregoing, Plaintiff demands judgment against Defendants in a sum of money exceeding the jurisdictional limits of all lower courts of the State of New York.

### THIRD CLAIM FOR RELIEF
#### Evidence Fabrication (Fourth, Fifth and Fourteenth Amendment)
#### *Pursuant to 42 U.S.C. § 1983*

94.    All preceding and subsequent paragraphs are incorporated by reference.

95.    Defendants deliberately fabricated evidence by falsely reporting that Plaintiff possessed contraband in his mouth and by submitting sworn statements that the contraband was "round" or "rectangular," despite no drugs ever being recovered.

96.    Defendants' actions violated Plaintiff's rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, to due process of law and to a fair trial, and as such, they are liable to plaintiff under 42 U.S.C. § 1983, for compensatory and punitive damages.

97.    Defendants forwarded these fabricated statements and reports to prosecuting authorities, causing Plaintiff to face unjustified criminal charges and detention.

98.    Defendants actions were willful, malicious, oppressive and/or reckless, and were of such a nature that punitive damages should be imposed.

99.    As a direct and proximate result, Plaintiff suffered a deprivation of liberty, emotional harm, and other damages.

100.    By reason of the foregoing, Defendants are liable to Plaintiff for compensatory damages, punitive damages, and attorneys' fees under 42 U.S.C. §§ 1983 and 1988.

101.    By reason of the foregoing, Plaintiff demands judgment against Defendants in a sum of money exceeding the jurisdictional limits of all lower courts of the State of New York.

### FOURTH CLAIM FOR RELIEF
#### Failure To Intervene
#### *Pursuant to 42 U.S.C. § 1983*

14

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO. 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

102.    All preceding and subsequent paragraphs are incorporated by reference.

103.    The individual defendants all had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by the other Defendants.

104.    Defendants witnessed or otherwise had knowledge that other Defendants were subjecting Plaintiff to excessive force in a sadistic and malicious manner, yet they failed to intervene to stop or mitigate the harm, despite having realistic opportunities to do so.

105.    Defendants also became aware that Plaintiff was being subjected to fabricated charges and malicious prosecution based on false statements, yet they failed to intervene to correct or prevent the violation of Plaintiff's constitutional rights.

106.    By each failing to intervene in each other's misconduct, despite having had an ample and realistic opportunity to intercede, Defendants substantially contributed to and proximately caused the violation of Plaintiff's rights under the Constitution.

107.    As a result of the Defendants' failures to intervene, Plaintiff suffered deprivation of his constitutional rights, physical injuries, emotional distress, and other damages.

108.    The actions of Defendants were willful, malicious, oppressive, and/or reckless, and of such a nature that punitive damages should be imposed against the individual Defendants.

109.    By reason of the foregoing, the individual Defendants are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for damages, including compensatory and punitive damages, plus attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

110.    By reason of the foregoing, Plaintiff demands judgment against Defendants in a sum of money exceeding the jurisdictional limits of all lower courts of the State of New York.

### FIFTH CLAIM FOR RELIEF
*Monell* **Liability (Single-Incident Theory Under** *Pembaur* **v.** *City of Cincinnati***, 475 U.S. 469**
**(1986))**
*Pursuant to 42 U.S.C. § 1983*

15

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM
NYSCEF DOC. NO. 2

INDEX NO. 806247/2025
RECEIVED NYSCEF: 04/08/2025

111.    All preceding and subsequent paragraphs are incorporated by reference.

112.    Defendant COUNTY OF ERIE is a municipal entity liable under 42 U.S.C. § 1983, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for the unconstitutional acts of its final policymakers.

113.    Defendant CHIEF CHRISTINE GREEN, acting as a final policymaker for the County with respect to the policies and practices of the Erie County Correctional Facility, personally directed, authorized, and/or ratified the unconstitutional force and malicious prosecution described herein.

114.    Specifically, *Pembaur* v. City of Cincinnati, 475 U.S. 469, recognizes that where a single decision by a municipal policymaker results in a constitutional violation, the municipality may be liable under § 1983.

115.    Here, Chief Green's directive or instruction in the hallway (ordering subordinates to choke Plaintiff under his jaw to pry his mouth open) and her ratification of the false contraband allegations, represent official decisions of a final policymaker.

116.    As a direct and proximate result of these actions by Chief Green, acting under color of law and as the final policymaker, Plaintiff was subjected to excessive force and malicious prosecution.

117.    Therefore, Defendant COUNTY OF ERIE is liable under § 1983 for the single-incident municipal liability described in *Pembaur*.

118.    By reason of the foregoing, Defendant COUNTY OF ERIE is liable to Plaintiff for compensatory damages and attorneys' fees under 42 U.S.C. §§ 1983 and 1988.

119.    By reason of the foregoing, Plaintiff demands judgment against Defendants in a sum of money exceeding the jurisdictional limits of all lower courts of the State of New York.

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM
NYSCEF DOC. NO. 2

INDEX NO. 806247/2025
RECEIVED NYSCEF: 04/08/2025

## STATE LAW CLAIMS

### SIXTH CLAIM FOR RELIEF

#### Assault and Battery

120.    All preceding and subsequent paragraphs are incorporated by reference.

121.    Defendants assaulted and battered Plaintiff by choking him, slamming him onto a table, prying his mouth open with a flashlight, twisting his limbs in a hyperextended manner, and repeatedly using unlawful and excessive physical force against him.

122.    At no time was Plaintiff threatening any officer or any other individual.

123.    At no time was Plaintiff committing any crime or resisting any legitimate law enforcement directive.

124.    By the aforedescribed conduct, Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff when they, in a hostile and offensive manner, applied physical force to Plaintiff without his consent and with the intention of causing harmful and offensive bodily contact—and indeed caused such contact.

125.    Defendant County of Erie, as the employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

126.    No circumstances justified or necessitated the level of force utilized by Defendants against Plaintiff.

127.    The actions of Defendants were willful, malicious, oppressive, and/or reckless, and were of such a nature that punitive damages should be imposed against them individually.

128.    As a result of Defendants' assault and battery, Plaintiff sustained damages in an amount exceeding the jurisdictional limits of all lower Courts of the State of New York.

17

## SEVENTH CLAIM FOR RELIEF

### Malicious Prosecution

129.    All preceding and subsequent paragraphs are incorporated by reference.

130.    By the actions described above, each and all of the Defendants, jointly and severally, acting in concert with each other (and with additional persons for whose acts they are liable), initiated, continued, and/or caused the initiation or continuation of criminal proceedings against Plaintiff based on false allegations of contraband possession.

131.    Each and all of the Defendants violated good and accepted law enforcement practices by proceeding without conducting a fair or thorough investigation and by fabricating claims that Plaintiff had contraband in his mouth, even though no contraband was ever recovered.

132.    All the false charges against Plaintiff were eventually dismissed in their entirety on or about November 19, 2024.

133.    There was never probable cause for the commencement or continuation of the criminal proceedings against Plaintiff; instead, Defendants acted with actual malice, deliberately misrepresenting or exaggerating facts to justify charges.

134.    Defendant County of Erie and its final policymakers, through the Erie County Sheriff's Office, employed the individual Defendants, who were at all times agents, servants, and employees acting within the scope of their employment. By virtue of the doctrine of respondeat superior, the County is liable for their conduct.

135.    As a result of Defendants' impermissible conduct, Plaintiff suffered harm, including loss of liberty, emotional distress, reputational damage, and other injuries.

136.    By reason of the foregoing, Plaintiff demands judgment against Defendants in a sum of money exceeding the jurisdictional limits of all lower courts of the State of New York.

18

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM     INDEX NO. 806247/2025

NYSCEF DOC. NO. 2     RECEIVED NYSCEF: 04/08/2025

**WHEREFORE,** Plaintiff demands judgment against all the Defendants on each cause of action set forth above in an amount which exceeds the jurisdictional limitations of all lower courts that would otherwise have jurisdiction over this action, together with the interest, costs and disbursements of this action, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Dated:     New York, New York          Respectfully Submitted,
           April 8, 2025
                                       ROTH & ROTH, LLP

                                       *Elliot Shields*
                                       _____
                                       Elliot Dolby Shields, Esq.
                                       Attorneys for Plaintiff
                                       192 Lexington Avenue, Suite 802
                                       New York, New York 10024
                                       (212) 425-1020
                                       eshields@rothandrothlaw.com

19

FILED: ERIE COUNTY CLERK 04/08/2025 09:28 PM

NYSCEF DOC. NO., 2

INDEX NO. 806247/2025

RECEIVED NYSCEF: 04/08/2025

## ATTORNEY'S VERIFICATION

**ELLIOT DOLBY SHIELDS,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am associated with Roth & Roth, LLP, attorneys for the Plaintiff, I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. This affirmation is made by me and not the Plaintiff because I maintain my office in a different county than where the plaintiff resides.

DATED: New York, New York
      April 8, 2025

*Elliot Shields*
_____
ELLIOT DOLBY SHIELDS

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ERIE**
--------------------------------------------------------------------x
TERRANCE CASH

                              Plaintiff/Petitioner,

          - against -                              Index No. 806247/2025

COUNTY OF ERIE, CHRISTINE GREEN, JASON PULEO,
KIMBERLY WILGUS, MARK FRANCZYK, DERRICK NEELY,
KEITH DUNLAP, BRENDAN WHEELER, KATE
WARRINGTON, TIMOTHY GAWLAK, WILLIAM PAGE,
JUSTIN BAUER, SHAUN B. HEDIGER, JONATHAN WIER,
RYAN WALKER, RICHEL DELORENZO, JOHN
DIMARTINO, JEROME STACHURA, SEAN MEIERER,
TAMARA BARNAS, "RICHARD ROE" SHERIFF'S
DEPUTIES 1-10 and other unidentified members of the Erie
County Sheriff's Office,

                            Defendant/Respondent.
--------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**
- visit: www.nycourts.gov/efile-unrepresented or

- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
## (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack(along with all employees subject  to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 5/7/2025


Elliot Shields                                            192 Lexington Ave, Ste. 802 NY, NY 10016
Name                                                                          Address


Roth & Roth, LLP                                          (212) 425-1020   EShields@RothandRothLaw.com
Firm Name                                                     Phone                 Email


TO: Derrick Neely
    11581 Walden Ave
    Alden, New York 14004